2026 IL App (1st) 250038-U

Fourth Division
Filed February 19, 2026

No. 1-25-0038

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| JANE BUSHONG, | ) | |
|     Plaintiff-Appellant, | ) ) | |
| v. | ) ) ) | Appeal from the Circuit Court of Cook County |
| HOMER GLEN AREA CHAMBER OF COMMERCE, LAWRENCE KILLMER, RENEE SABAN, JODI ADELMAN-SARTORI, M.J. GASIK, LYNN MCGARY, and DAMIAN SICHAK, | ) ) ) ) | No. 2023 CH 02234 The Honorable Daniel J. Kubasiak, |
|     Defendants | ) ) | Judge, presiding. |
| (Lawrence Killmer, Renee Saban, Jodi Adelman-Sartori, M.J. Gasik, Lynn McGary, and Damian Sichak, Defendants-Appellees). | ) ) ) ) | |

JUSTICE OCASIO delivered the judgment of the court.
Justices Lyle and Quish concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Plaintiff employee's claim for breach of a fiduciary duty against the individual members of her corporate employer's board of directors was properly dismissed because the complaint did not allege any facts establishing a fiduciary relationship between plaintiff and the individual board members.

¶ 2    The plaintiff, Jane Bushong, sued both the Homer Glen Area Chamber of Commerce (the Chamber), which is a nonprofit corporation, and the individual members of the Chamber's board of directors (collectively, the Board Members), seeking to recover wages for paid time off that she

had not yet used at the time she ended her employment with the Chamber. The circuit court dismissed the claim against the Board Members, finding that they were immune from suit by statute. On appeal, Bushong argues that her complaint adequately alleged that the nature of the claimed conduct overcame statutory immunity or, at minimum, that she should have been allowed an opportunity for discovery before dismissal. We reach neither issue because we find that the complaint did not state a legally adequate claim, and we affirm on that basis.

¶ 3        The operative pleading (which we will refer to as a complaint for simplicity's sake) alleges that the Chamber employed Bushong as executive director from 2014 until 2017, when she and the Chamber parted ways because the board of directors decided to convert her position to a part-time one. After her separation, she was not paid compensation for unused paid time off, so she filed a wage claim with the Illinois Department of Labor (the Department). Her claim was still pending in December 2018, when the board of directors dissolved the Chamber. The Department resolved the wage claim in Bushong's favor in March 2020 and ordered the Chamber—but not any of the members of the board—to pay Bushong compensation for her unused paid time off plus interest.

¶ 4        In 2023, Bushong and the Department separately sought to enforce the wage order in the circuit court. The Department's enforcement action was brought solely against the Chamber, but Bushong's complaint named as defendants both the Chamber and the Board Members. In May 2024, the two matters were consolidated.[1] Bushong's complaint raised only one count, which was for breach of fiduciary duty.

¶ 5        The Board Members filed a combined motion to dismiss under section 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2024)) (the Code). They argued that, as unpaid directors of a nonprofit corporation, they were statutorily immune from liability. They also argued that Bushong's complaint failed to state a claim for breach of fiduciary duty. The circuit court

---

[1]    The Department's case (No. 2023 CH 10015, People of the State of Illinois *ex rel.* Illinois Department of Labor v. Homer Glen Area Chamber of Commerce) is not implicated in this appeal.

granted the motion on the basis of immunity, expressly declining to reach the sufficiency of the complaint.

¶ 6        On appeal, Bushong argues that the trial court's dismissal based on immunity was erroneous. The Board Members dispute that, but they also argue that dismissal was proper regardless because the complaint did not state a legally sufficient claim for breach of fiduciary duty. Bushong's opening brief did not address the sufficiency of her complaint, and she did not file a reply brief.

¶ 7        We review rulings on combined motions to dismiss under § 2-619.1 *de novo*, which means that we conduct the same analysis that a trial judge would. *Kennedy v. City of Chicago*, 2022 IL App (1st) 210492, ¶ 16. As we are reviewing the circuit court's judgment, not its rationale, we can affirm on any basis supported by the record. *Brooks v. McLean County Unit District No. 5*, 2014 IL App (4th) 130503, ¶ 14. Here, although the circuit court granted the motion to dismiss based on statutory immunity, we need not consider that question because we agree with the Board Members that Bushong's complaint was legally insufficient.

¶ 8        "A motion filed under section 2-615 of the Code (735 ILCS 5/2-615 (West 2020)) challenges the legal sufficiency of a complaint based on defects apparent on the face of the complaint." *M.U. ex rel. Kelly U. v. Team Illinois Hockey Club, Inc.*, 2024 IL 128935, ¶ 15. "A section 2-615 motion tests the legal sufficiency of the plaintiff's complaint, asking whether the allegations in the complaint, construed in the light most favorable to the plaintiff, state sufficient facts to establish a cause of action upon which relief may be granted." *Project44, Inc. v. FourKites, Inc.*, 2024 IL 129227, ¶ 18. We take as true all well-pleaded facts in the complaint. *Rice v. Marathon Petroleum Corp.*, 2024 IL 129628, ¶ 22. A well-pleaded fact is a specific allegation, not a mere conclusion. *Daniel v. Chicago Transit Authority*, 2020 IL App (1st) 190479, ¶ 31. Illinois requires fact pleading, which means "the pleader is required to set out ultimate facts that support [the] cause of action." *Johnson v. Matrix Financial Services Corp.*, 354 Ill. App. 3d 684, 696 (2004). Mere conclusions—factual or legal—are insufficient. *Id.* However, "[a] complaint should not be dismissed pursuant to section 2-615 unless it is clearly apparent that no set of facts can be proved

that would entitle the plaintiff to recovery." *Project44, Inc.*, 2024 IL 129227, ¶ 18. Review is *de novo*. *Id.*

¶ 9    To state a claim for breach of fiduciary duty, the plaintiff must, obviously, allege that the defendant owed her a fiduciary duty. See *Neade v. Portes*, 193 Ill. 2d 433, 444 (2000). "A fiduciary relationship exists where one party reposes trust and confidence in another, who thereby gains a resulting influence and a superiority over the subservient party." *Khan v. Deutsche Bank AG*, 2012 IL 112219, ¶ 58. Certain relationships are deemed fiduciary as a matter of law, such as an attorney's relationship with a client or an agent's relationship with the principal. *Shrock v. Meier*, 2024 IL App (1st) 230069, ¶ 16. But fiduciary relationships can also arise as a matter of fact. *Id.* To establish a fiduciary relationship in fact, a plaintiff must allege "facts showing an antecedent relationship that gives rise to trust and confidence reposed in another." *Khan*, 2012 IL 112219, ¶ 58.

¶ 10    We have difficulty seeing how the Board Members could possibly have owed a fiduciary duty to Bushong. Corporate directors owe a fiduciary duty, but it is to the corporation. *Stamp v. Touche Ross & Co.*, 263 Ill. App. 3d 1010, 1015 (1993). At any rate, the complaint—which represented Bushong's fourth attempt to plead a valid claim—did not allege any well-pleaded facts establishing a fiduciary relationship between the Board Members and Bushong. It did not assert any particularized claims against any of the Board Members individually. As against the Board Members collectively, the complaint asserted only that a fiduciary duty arose because Bushong was "their only employee" and "they had complete control over her." The mere existence of an employer-employee relationship does not itself establish a fiduciary relationship. *Gross v. University of Chicago*, 14 Ill. App. 3d 326, 339 (1973). And even if an employer did owe a fiduciary duty to an employee in these circumstances, Bushong was not employed by the Board Members, individually or collectively. As she alleged in paragraph one of the complaint, her actual employer was the Chamber. Consequently, the complaint does not allege any fiduciary relationship between her and the Board Members. She cannot maintain her claim for breach of fiduciary duty.

¶ 11    Because the complaint failed to allege a legally sufficient claim for breach of fiduciary duty, it was properly dismissed. It is clearly apparent that there are no set of facts that could be proven that would entitle Bushong to recovery, so the dismissal was properly entered with prejudice. Given that, we need not consider Bushong's remaining arguments on appeal.

¶ 12    Accordingly, the judgment is affirmed.

¶ 13    Affirmed.